UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KAREN GROSZ; BERNADETTE CHAVEZ; VICKI RAMSEY; MARY KRISTINA BISHOP; SANDRA BECKWITH; TONI POULSEN; MARSHEL COUSO; KATHERINE LEAO; and DENISE STEVENSON;

    Plaintiffs,

v.

LASSEN COMMUNITY COLLEGE DISTRICT; HOMER CISSELL; BOARD OF TRUSTEES OF LASSEN COMMUNITY COLLEGE DISTRICT,

    Defendants.

NO. CIV. S-07-697 FCD CMK

MEMORANDUM AND ORDER

----oo0oo----

On April 26, 2007, plaintiffs Karen Grosz, Bernadette Chavez, Vicki Ramsey, Mary Kristina Bishop, Sandra Beckwith, Toni Poulsen, Marshel Couso, Katherine Leao, and Denise Stevenson (collectively "plaintiffs") filed a first amended complaint (the "complaint"), as of right, against defendants Lassen Community College District, Homer Cissell, and the Board of Trustees of Lassen Community College District (collectively "defendants"). On June 19, 2007, defendants moved to dismiss plaintiffs'

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiffs oppose defendants' motions.[2]

    Because the court concludes that the complaint lacks the necessary information to place defendants on proper notice and to give them adequate ability to respond as required by Rule 8(a) of the Federal Rules of Civil Procedure, it does not reach the merits of defendants' motions to dismiss.[3]  While the complaint is fraught with conclusory statements of the law and sweeping allegations of discrimination and general misconduct, it lacks the necessary information to render the complaint a "short and plain statement of the claim[s]" required by Rule 8(a).  The Seventh Circuit recently elaborated on the meaning of Rule 8(a)'s

---

[1] Defendant Lassen Community College District filed a motion on its own behalf and on behalf of the Board of Trustees. (Docket #9.)  Defendant Homer Cissell, represented by separate counsel, filed his own motion. (Docket #7.)

[2] Plaintiffs filed a consolidated opposition to defendants' motions. (Docket #13.)  Plaintiffs assert therein that defendants' motions are untimely.  Plaintiffs are incorrect.  Defendants electronically filed and served their motions on June 19, 2007, setting the hearing for August 24, 2007.  Pursuant to Local Rule 78-230(b), defendants' motions had to be filed and served on or before July 25, 2007.

[3] Although the court does not entertain defendants' motions to dismiss on the merits, it nevertheless cautions plaintiffs that their claims against Lassen Community College District, its President in his official capacity, and the Board of Trustees of Lassen Community College District, as presently plead, may well be barred under the Eleventh Amendment to the United States Constitution.  See Will v. Michigan Dept. Of State Police, 491 U.S. 58, 70-71 (1989); Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 972 (9th Cir. 1994); Wasson v. Sonoma County Jr. College Dist., 4 F. Supp. 2d 893, 901-902 (N.D. Cal. 1997).  In filing a second amended complaint, plaintiffs should consider closely defendants' arguments regarding Eleventh Amendment immunity as set forth in the motions to dismiss.

2

short and plain statement requirement:

> Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.

U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).

Rule 8(a) does not permit plaintiffs to file a complaint premised solely on generalized allegations of discrimination[4] in order to justify a fishing expedition into potential violations by defendants. Plaintiffs are not required to plead *detailed* facts, but they must plead *some* facts. See DM Research Inc. v. College of American Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (while the complaint need not provide evidentiary detail, "the price of entry, even to discovery, is for [the] plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition.").

---

[4] For example, plaintiffs make broad and conclusory allegations that "Cissell has failed and refused to promote female employees while male employees are promoted under similar or lesser circumstances;" "Plaintiff Karen Grosz has been required by Cissell to accept blame for his mistakes, accept criticism from Cissell without response before the Board;" and "Plaintiff Benadette Chavez has been treated differently than similarly situated male employees who are faculty at the Lassen Community College District in that she has been in fear of her safety and security because of the Defendant Cassel's [sic] refusal to discipline aggressive and violent male employees who have attacked and threatened to attack female faculty members." (Pl.'s Compl. ¶¶ 17, 28, 37.)

3

The Supreme Court has recently stated that "without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 n.3 (2007). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

In this case, the court is particularly troubled by the complaint's surprising dearth of information pertaining to plaintiffs' occupations and dates of employment, if any, with the Lassen Community College District. Because of this complete lack of information, the complaint clearly does not provide defendants with "fair notice" of the nature of the claims or the "grounds" on which the claims rest. "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." Bell Atlantic, 127 S.Ct. at 1964-65. Further, the complaint is unclear as to the allegations against defendant Cissell, particularly whether he is being sued in his official or individual capacity. Without these rudimentary facts, the complaint inexorably falls below the standard set forth in Rule 8(a).

To permit plaintiffs to "hide the ball" by not providing vital facts such as plaintiffs' occupations and dates of employment would read the "fair notice" requirement out of Rule 8(a) and would seriously undermine the rule's goal of encouraging

4

expeditious resolution of disputes.  Therefore, for the foregoing reasons, the court makes the following orders:

    (1)   Plaintiffs shall file and serve a second amended complaint within twenty (20) days of the date of this order, which complies with Rule 8(a).  Plaintiffs shall supplement their complaint with pertinent information which will allow defendants to properly and fully answer it.

    (2)   Defendants shall file their responses to the second amended complaint within 30 days of service thereof.

    (3)   Defendants' pending motions to dismiss are VACATED as MOOT.

IT IS SO ORDERED.

DATED: August 17, 2007.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE