UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KAREN GROSZ, BERNADETTE CHAVEZ, VICKI RAMSEY, MARY KRISTINA BISHOP, SANDRA BECKWITH, TONI POULSEN, MARSHEL COUSO, KATHERINE LEAO, and DENISE STEVENSON;

    Plaintiffs,

v.

LASSEN COMMUNITY COLLEGE DISTRICT, HOMER CISSELL, BOARD OF TRUSTEES OF LASSEN COMMUNITY COLLEGE DISTRICT;

    Defendants.

NO. 2:07-cv-0697 FCD/CMK

MEMORANDUM AND ORDER

----oo0oo----

This matter comes before the court on (1) defendants Lassen Community College District's ("District")[1] and Homer Cissell's

/////

---

[1] The District moved for dismissal only on its own behalf (Docket #24). However, in its previous motion to dismiss (Docket #9) the District also moved on behalf of defendant Board of Trustees of Lassen Community College District (the "Board"), who is also represented by the District's counsel. In light of the previous motion, the court assumes the District intended to file the instant motions also on the Board's behalf. As such, the court construes the pending motions as brought on behalf of the District and the Board.

("Cissell") (collectively, "defendants") motions to dismiss[2] plaintiffs Karen Grosz, Bernadette Chavez, Vicki Ramsey, Mary Kristina Bishop, Sandra Beckwith, Toni Poulsen, Marshel Couso[3], Katherine Leao, and Denise Stevenson's (collectively, "plaintiffs") second amended complaint ("SAC")[4], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[5] and (2) defendant District's motion to strike plaintiffs' request for punitive and liquidated damages (Docket #26). Plaintiffs oppose the motions, filing a consolidated opposition (Docket #30).

Because the court, yet again, concludes that the complaint lacks the necessary information to place defendants on proper notice of the claims against them and to give them adequate ability to respond as required by Rule 8(a), it does not reach the merits of defendants' motions to dismiss and motion to strike. Like the first amended complaint, "[w]hile the [SAC] is fraught with conclusory statements of the law and sweeping

---

[2] Defendants each filed separate motions. (Docket #s 24, 27). The motions raise nearly identical issues and therefore the court considers them jointly.

[3] In the complaint, plaintiff is alternately referred to as "Marshel Couso" and "Marshel Pouso." For consistency, the court adopts "Couso" throughout this order.

[4] Said complaint alleges the following claims for relief: (1) violation of rights guaranteed by the Fourteenth Amendment under 42 U.S.C. § 1983 ("Section 1983"); (2) violation of rights guaranteed by the First Amendment pursuant to Section 1983; (3) intentional infliction of emotional distress; (4) violation of the Brown Act; (5) violation of rights guaranteed by the California Constitution; (6) hostile work environment in violation of Cal. Gov. Code. § 12900 *et seq.* ("Section 12900"); (7) wrongful termination in violation of Section 12900; and (8) retaliation.

[5] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

allegations of discrimination and general misconduct, it lacks the necessary information to render the complaint a 'short and plain statement of the claim[s]' as required by Rule 8(a)." (Mem. and Order, filed August 17, 2007). Accordingly, plaintiffs' SAC must be dismissed pursuant to Rule 8(a).

## BACKGROUND[6]

On April 26, 2007, plaintiffs filed a first amended complaint, as of right, against defendants. In response to defendants' Rule 12(b)(6) motions, the court ruled that plaintiffs' first amended complaint failed to meet the requirements of Rule 8(a), and it therefore dismissed the complaint but granted plaintiffs leave to amend. In so ruling, the court cautioned plaintiffs that it was "particularly troubled by the complaint's surprising dearth of information" and ordered plaintiffs to supplement their complaint with all pertinent information to allow defendants to properly and fully answer it. (Mem. and Order, filed Aug. 17, 2007).

Plaintiffs filed their SAC on September 6, 2007. Like the first amended complaint, plaintiffs sweepingly allege they suffered retaliation, discrimination in employment, emotional distress and interference with their professional positions as the result of acts by the District and Cissell. (SAC at 2). However, despite 24 pages of text plaintiffs' SAC still lacks the necessary information to render the complaint a "short and plain

---

[6] The facts of this case are taken from plaintiffs' allegations in the SAC, filed September 6, 2007. The court notes plaintiffs filed a third amended complaint on November 12, 2007, as an exhibit to their opposition. However, plaintiffs have not been granted leave to amend, and the court will not consider the proffered third amended complaint at this time.

statement of the claim[s]" required by Rule 8(a), leaving the court no choice but to again dismiss the complaint in its entirety.

## STANDARD

The United States Supreme Court recently held, in evaluating the federal pleading standards, that "without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 n.3 (2007). The Court emphasized that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." Id. at 1964-65.[7] Aptly, the Seventh Circuit, also elaborating on the federal pleading standards and particularly Rule 8(a)'s short and plain statement requirement, noted the following:

> Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.

---

[7] Plaintiffs' reliance on Liebowitz v. Cornell University, 455 F.3d 586 (2d Cir. 2006) to argue that the court should adopt a relaxed pleading standard for employment discrimination claims is inappropriate. (Opp'n, filed Nov. 12, 2007, at 6-7). The Supreme Court's decision in Bell Atlantic abrogated the Second Circuit's decision and is binding on this court.

4

U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).

Thus, Rule 8(a) does not permit plaintiffs to file a complaint premised solely on generalized allegations of discrimination in order to justify a fishing expedition into potential violations by defendants. While plaintiffs are not required to plead *detailed* facts, they must plead *some* facts. See DM Research Inc. v. College of American Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (stating the complaint need not provide evidentiary detail, however "the price of entry, even to discovery, is for plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition."). As recognized repeatedly by the Ninth Circuit, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

**ANALYSIS**

Preliminarily, the court notes that plaintiffs attached and referenced throughout their opposition, a "third amended complaint" which they maintain satisfies the court's concerns in its August 17, 2007 order and survives defendants' instant motions. (Opp'n at 5). However, plaintiffs have not been granted leave to file this complaint, and the court interprets plaintiffs' reliance on this pleading as a concession that the SAC, the *operable* pleading in this case, still does not remedy

the deficiencies of plaintiffs' first amended complaint. On that basis alone, the court could dismiss the SAC pursuant to this court's prior order and Rule 8(a). Nevertheless, because the court allows plaintiffs one final opportunity to amend their complaint, it provides below an overview of the major deficiencies that plague the SAC.

### A. Factual Allegations

As a general matter, plaintiffs' SAC lacks basic information about the individual plaintiffs, including their positions with the District, their duties, and dates of employment. Moreover, plaintiffs' complaint completely lacks any discussion whatsoever of *any* facts pertaining to plaintiff Couso.[8] Nor is there any mention of facts demonstrating plaintiffs timely complied with either the requirements of the EEOC or DFEH with respect to plaintiffs' claims for harassment and retaliation. For a court to hear a Title VII claim, an aggrieved employee must (1) file a charge of discrimination with the EEOC within 180 days of the alleged acts of discrimination and (2) timely institute a lawsuit within 90 days after receiving a right-to-sue letter. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973). Similarly, for the court to hear a FEHA claim, an employee must file suit within one year of the date of the DFEH's right-to sue notice. Cal. Gov. Code § 12965(b). Without this information, defendants have no way in which to determine whether certain of plaintiffs' claims are time-barred.

---

[8] Plaintiff Couso has stipulated to dismiss defendants Lassen Community College District (Docket # 28) and Homer Cissell (Docket # 23). Couso is apparently continuing to pursue claims against the Board.

6

1    Beyond these general observations, the facts alleged
2 specifically relating to individual plaintiffs are similarly
3 insufficient.  For example, with respect to plaintiff Karen
4 Grosz, the SAC fails to allege facts regarding how or when Grosz
5 was "publically humiliated" by Cissell and why it was without
6 "justification."  (SAC ¶ 33).  Plaintiffs' complaint further
7 fails to allege the circumstances under which Grosz was allegedly
8 slandered by Cissell.  (Id. ¶ 38).  While Grosz alleges she was
9 "terminated without cause," the complaint fails to allege any
10 facts to support this conclusory allegation.  Moreover, Grosz
11 does not allege any underlying factual predicate to support her
12 claim she was "retaliated against because of her association with
13 other female employees."  (Id. ¶ 41).
14    The facts alleged with respect to plaintiff Bernadette
15 Chavez are similarly deficient.  The SAC fails to allege facts in
16 support of Chavez's blanket allegation Cissell professionally and
17 publically slandered her.  (Id. ¶ 44).  Nor does the complaint
18 provide facts to support Chavez's allegation she was removed from
19 her position as student government advisor "without cause."  (Id.
20 ¶ 48).
21    The allegations of plaintiff Vicki Ramsey also do not
22 provide a sufficient basis for her claims.  While Ramsey claims
23 she received "less than equivalent pay," the complaint fails to
24 provide a basis for this allegation.  (Id. ¶ 50).  The complaint
25 further fails to connect the repeated "harassment" Ramsey was
26 allegedly subject to by the Director of Human Resources to any
27 cause of action against the named defendants.  (Id. ¶ 54).
28 Moreover, the complaint fails to discuss any of the circumstances

7

surrounding alleged threats of "termination or reassignment" that constitute the purported retaliation against her by defendants. (Id. ¶ 55).

Similarly, while plaintiff Toni Poulson makes vague allegations of being falsely imprisoned and harassed by a "male coach," the complaint lacks details regarding whether Poulson notified Cissell, or whether Cissell knew of the incident. (Id. ¶ 62).

The allegations by plaintiff Mary Bishop fail to discuss the circumstances under which she filed complaints against defendants and *who* denied her due process in "requiring her to arbitrate her claims without notice." (Id. ¶¶ 66, 69). Moreover, the complaint fails to provide any basis in support of her allegation of retaliation. (Id. ¶¶ 71).

The allegations of plaintiff Denise Stevenson do not discuss how, by whom, and in what manner, she was unfairly "criticized." (Id. ¶ 72). Moreover, there is no discussion of how this criticism gives rise to any claim for relief. Similarly, that Stevenson's husband was allegedly demoted is not a cause of action Stevenson can bring. (Id. ¶ 73). Finally, Stevenson fails to allege any facts in support of her allegation she was retaliated against. (Id. ¶ 74).

The allegations of plaintiff Katherine Leao fail to provide the basis for her termination, and the manner in which she was "denied accommodation for her temporary disability." (Id. ¶¶ 75, 76). Leao further fails to provide necessary details regarding complaints she filed against "the District and the defendants." (Id. ¶ 79). Vital information includes general dates of the

complaints and the organization to which Leao submitted the complaints.

Finally, the assertions of plaintiff Sandra Beckwith fail to connect her vague allegations of harassment by a male instructor to any cause of action against the named defendants. Moreover, Beckwith has not alleged any facts regarding the manner in which she was "publicly reprimanded" by Cissell and how this constitutes a claim for relief. (Id. ¶ 80).

In summary, plaintiffs' SAC is fraught with conclusory statements and sweeping allegations against defendants. The allegations set forth by each and every plaintiff lack rudimentary facts pertaining to their claims for relief. Without this information, defendants cannot be expected to properly and accurately answer plaintiffs' allegations.

**B.   Claims for Relief**

Generally, while plaintiffs' SAC purports to bring the eight claims for relief on behalf of all nine plaintiffs, the facts alleged in the SAC do not provide a basis for each of these claims by each plaintiff. For instance, the SAC alleges a claim for wrongful termination on behalf of all plaintiffs. (Id. ¶¶ 137, 140-142)  However, only two plaintiffs actually allege they were terminated from their employment. (Id. ¶¶ 36, 75). Similarly, seven of the nine plaintiffs allege a claim for retaliation. (Id. ¶¶ 38, 46, 55, 63, 71, 73, 79) Nonetheless, only two plaintiffs have alleged any facts showing they suffered adverse employment actions. (Id. ¶¶ 38, 79) Thus, although each of plaintiffs' factual allegations are restated and realleged in

the eight claims for relief, it is clear many of the allegations are not remotely applicable to specific claims.

In addition, plaintiffs' SAC fails simply ignores applicable statutory and case law.  For example, plaintiffs' first claim for relief for "violation of rights guaranteed by the Fourteenth Amendment" fails to consider that certain defendants are likely immune from prosecution under the Eleventh Amendment.  While plaintiffs baldly state in their opposition that Congress has "waived the states' right to Eleventh Amendment Immunity [sic]," plaintiffs fail to cite any case law in support of this proposition.[9]  Furthermore, a review of the *relevant* case law suggests otherwise.  Community college districts are state entities entitled to Eleventh Amendment immunity.  See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 972 (9th Cir. 1994); Belanger v. Madera Unified School Dist., 963 F.2d 248, 251 (9th Cir. 1992); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1988).

Moreover, an employee of a community college district is also entitled to Eleventh Amendment immunity from federal civil rights actions when sued in his official capacity.  See Mitchell, 861 F.2d at 201 (finding that plaintiffs' complaint relating to actions by defendants in their official capacities, acting within the course and scope of their employment, shared the district's Eleventh Amendment immunity); see also Cal. Gov. Code § 815.2 ("a

---

[9]  Nevada Dept. of Human Resources v. Hibbs, 538 U.S. 721 (2003), cited by plaintiffs, is clearly inapplicable.  In that case, the Court found that the Eleventh Amendment immunity of public agencies was abrogated *only* in respect to the Family and Medical Leave Act.  (Id. at 721).

public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."). While plaintiffs attempt to argue it is "irrelevant" whether Cissell is sued in his official capacity or personal capacity, this is not clear from the case law cited by plaintiffs. (Opp'n at 2-3). Not only are plaintiffs' cited authorities not controlling on this court, the Oregon case relied on by plaintiffs is wholly dissimilar from the present situation. For the reasons set forth above, plaintiffs' complaint here is anything but "abundantly clear in alleging loss caused by defendants' *individual* conduct." (Opp'n at 2 (citing Cristobal Lumbrearas, Freemont Forest Systems, Inc. v. Roberts, 319 F. Supp. 2d 1191, 1203 (D. Or. 2004) (emphasis added)).

Additionally, with respect to plaintiffs' third claim for relief, plaintiffs fail to plead a statutory violation as required to establish liability against a public entity and its employees for intentional infliction of emotional distress. Cal. Gov. Code § 815. Plaintiffs' SAC further fails to assert facts sufficient to allege a claim for intentional infliction of emotional distress. While plaintiffs broadly claim Cissell's conduct was outrageous, plaintiffs fail to present any facts suggesting (1) defendants' conduct was intentional, or with reckless disregard of the probability of causing, emotional distress; (2) that plaintiffs suffered severe or extreme emotional distress; and (3) that defendants' outrageous conduct was the actual or proximate cause of such distress. See Simo v. Union of Needletrades, Inds. & Textile Employees, Southwest, 322 F.3d 602, 621-22 (9th Cir. 2003) (enumerating elements of

intentional infliction of emotional distress claim).

Plaintiffs' fourth claim for violations of California's Brown Act similarly does not allege sufficient facts to state a proper claim. To state a claim for a violation of the Brown Act, plaintiffs must plead facts showing that the Brown Act was violated, and that plaintiffs made a timely demand to cure the violations. Cal. Gov. Code § 54960.1(b) (applying to the local agency to cure the deficiency is a prerequisite to filing suit under the Brown Act). Moreover, section 3509 of the Brown Act gives the Public Employment Relations Board *exclusive* jurisdiction over alleged violations of the Act. See Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd., 35 Cal. 4th 1072, 1077 (2005). Such administrative remedies must be exhausted before plaintiffs may pursue judicial remedies. See id. at 1080. While "[f]ailure to exhaust administrative remedies is excused if it is clear that exhaustion would be futile," plaintiffs complaint does not allege futility. Id.

As yet a further example, plaintiffs' eighth claim for retaliation does not plead a statutory violation as required by Cal. Gov. Code § 815.[10] In failing to identify the statutory violation, whether Title VII or FEHA, plaintiffs prevent defendants from making any meaningful response to this claim. Furthermore, plaintiffs fail to state a *prima facie* case of retaliation under *either* Title VII or FEHA. At a minimum,

---

[10] The vague and sporadic references to the EEOC in plaintiffs' SAC are not enough to construe plaintiffs' claims as brought under Title VII.

12

plaintiffs must show (1) that they engaged in a protected activity, (2) the employer subjected plaintiffs to an adverse employment action and (3) a causal link exists between the protected activity and the employer's action. See Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1044 (2005).

In large part, plaintiffs' substantive claims for relief fail in a variety of material respects under relevant and binding statutory and case law. As such, plaintiffs' SAC necessarily fails to satisfy the basic and threshold requirements of Rule 8(a).

**C.   Leave to Amend**

Pursuant to Rule 15(a), "leave [to amend] is to be freely given when justice so requires." "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997).

While the court has noted a host of problems inherent in plaintiffs' SAC, the court is not yet convinced amendment would be futile. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (1988). "[A]mendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Id.; see Johnson v. Am. Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987). As such,
/////
/////
/////
/////

13

plaintiffs are granted leave to amend their complaint one final time.[11]  Plaintiffs are cautioned that in light of this case's history, the court will not permit any future opportunities to amend.  Plaintiffs have had abundant time to set forth their claims in a cogent manner.

**CONCLUSION**

To permit plaintiffs to "hide the ball" by not providing vital facts would read the "fair notice" requirement out of Rule 8(a) and would seriously undermine the rule's goal of encouraging expeditious resolution of disputes.  Therefore, for the foregoing reasons the court again dismisses plaintiffs' complaint under Rule 8(a).

Plaintiffs shall file and serve a third amended complaint within twenty (20) days of the date of this order, which complies with Rule 8(a).  Plaintiffs shall supplement their complaint with the necessary information to allow defendants to properly and fully answer it.  The court notes that the discussion above is not an exhaustive list of the deficiencies of plaintiffs' SAC.  Nonetheless, plaintiffs should seriously consider the court's remarks and make all necessary modifications to the draft of their third amended complaint submitted to the court on November 12, 2007.  Plaintiffs will not be given another opportunity to amend their complaint.

/////

---

[11] The court is cognizant of the efforts by defendants in digesting plaintiffs' complaints and filing substantive motions under Rule 12(b).  However, the court simply does not find the SAC to meet the threshold requirements of Rule 8(a), and the complaint therefore must be dismissed under that Rule.

14

1  Defendants shall file their responses to the third amended
2 complaint within thirty (30) days of service thereof.
3 Defendants' pending motions to dismiss are VACATED as MOOT.
4  IT IS SO ORDERED.
5 DATED: December 11, 2007.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

15