UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KAREN GROSZ; BERNADETTE CHAVEZ; VICKI RAMSEY; MARY KRISTINA BISHOP; SANDRA BECKWITH; TONI POULSEN; MARSHEL COUSO; KATHERINE LEAO; and DENISE STEVENSON;

    Plaintiffs,

    v.

LASSEN COMMUNITY COLLEGE DISTRICT; HOMER CISSELL; BOARD OF TRUSTEES OF LASSEN COMMUNITY COLLEGE DISTRICT,

    Defendants.

NO. CIV. S-07-697 FCD CMK

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiffs' motion for reconsideration of the court's May 20, 2008 order, granting defendants' motions to dismiss and to strike[1] and denying plaintiffs further leave to amend ("May 20 Order"). Plaintiffs move for reconsideration, arguing (1) this court committed clear

---

[1] Defendants Lassen Community College District and the Board of Trustees of Lassen Community College District and defendant Homer Cissell are separately represented. They each filed separate motions to dismiss, which the court considered jointly in its May 20 Order as they raised substantially the same arguments.

error in dismissing plaintiffs' pendent state law claims and (2) under "intervening law" the court improperly dismissed her complaint under Federal Rule of Civil Procedure 8(a).[2] Defendants oppose the motion, emphasizing that pursuant to this court's supplemental jurisdiction over plaintiffs' state law claims, dismissal of the claims was appropriate, and the court correctly applied United States Supreme Court authority governing dismissal of claims under Rule 12(b)(6).

For the reasons stated below, the court DENIES plaintiffs' motion for reconsideration.

Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Because plaintiffs' motion was filed within ten days after entry of dismissal, the motion is properly considered under Rule 59(e). Fed. R. Civ. P. 59(e) (requiring that all motions submitted pursuant to this rule be filed no later than 10 days after entry of judgment).

Absent "highly unusual circumstances," reconsideration of a final judgment is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law. School Dist. No. 1J, Multnomah County, 5 F.3d at 1263; Carroll v.

---

[2] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

2

Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (recognizing a motion for reconsideration is an extraordinary remedy that should not be granted absent highly unusual circumstances).

Here, plaintiffs assert this court committed "clear error" in failing to decline jurisdiction over plaintiffs' state law claims once it dismissed their federal claims for relief. Pursuant to 28 U.S.C. § 1367(a), this court had supplemental jurisdiction over plaintiffs' state law claims, which arose from the same common nucleus of facts as their federal claims for relief, over which this court had original jurisdiction. Section 1367(a) provides in pertinent part: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action that they form part of the same case or controversy under Article III of the United States Constitution." Claims are part of the same case or controversy for purposes of Section 1367 if there is enough of a "common nucleus of operative facts . . . such that a plaintiff would ordinarily be expected to try them all in a single judicial proceeding." Picard v. Bay Area Regional Transit Dist., 823 F. Supp. 1519, 1526 (N.D. Cal. 1993) (internal quotations omitted).

Plaintiffs do not argue that their state law claims were derived from a different nucleus of facts as their federal claims. Nevertheless, they contend the court improperly reached the merits of their state law claims. Where a court has dismissed the federal claims for relief, it has *discretion* to decline to exercise jurisdiction over the remaining state law

3

claims. See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors [set forth in Section 1367(c)] . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (quoting Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  However, the court is not required to decline jurisdiction when all federal claims are dismissed, nor is it required *sua sponte* to consider the propriety of retaining jurisdiction.[3]  Acri, 114 F.3d at 1000 ("[T]he district court may exercise supplemental jurisdiction over state law claims without *sua sponte* addressing whether it should be declined under § 1367(c).")  Moreover, even considering the relevant factors under Section 1367(c), retention of jurisdiction over plaintiffs' state law claims was appropriate: The state law claims did not raise novel or complex issues of state law; the claims did not substantially predominate over the dismissed federal claims; and there were no other "exceptional circumstances" warranting the decline of jurisdiction.  28 U.S.C. § 1367(c).  Therefore, the court finds that plaintiffs' motion for reconsideration on this ground is without merit.

As to plaintiffs' second basis for seeking reconsideration, the court does not agree that the Ninth Circuit's recent decision in Hearns v. San Bernardino Police Dept., 2008 WL 2579243 (9th

---

[3] In opposing the motions to dismiss and to strike, plaintiffs did not request that the court decline jurisdiction over their state law claims.

4

Cir. July 1, 2008) qualifies as "intervening law" applicable to this case. In the first instance, Hearns involved the propriety of a dismissal of a first amended complaint under Rule 8(a). In this case, while the court previously dismissed two of plaintiffs' complaints under Rule 8(a) (see Mem. & Orders, filed Aug. 17 and Dec. 11, 2007), the court ultimately dismissed the case and denied plaintiffs further leave to amend after consideration of the merits of defendants' Rule 12(b)(6) and 12(f) motions. Thus, Hearns is inapplicable. Id. at *7 (remarking that the district court *did not* consider the defendants' alternative arguments under Rule 12(b)(6) but should do so before requiring the defendants to answer the first amended complaint).

   Moreover, even if Hearns were pertinent, the decision does not represent a change in the controlling law. The court in Hearns simply applied its precedent involving dismissals under Rule 8(a) to the specific facts in Hearns, ultimately reversing the district court's dismissal of the complaint. The court held that while the Hearns first amended complaint "set forth excessively detailed factual allegations, they were coherent, well-organized, and stated legally viable claims." Id. at *1. As thoroughly set forth in this court's 31-page Order, the same cannot be said of plaintiffs' third amended complaint in this action. (May 20 Order.) Also, unlike Hearns, wherein the plaintiff only received one opportunity to amend, in this case, plaintiffs were given *three* such opportunities. With each of those opportunities, the court provided clear and detailed guidance to plaintiffs as to the deficiencies in their

5

1  complaints.  (See e.g. Mem. & Order, Dec. 11, 2008, at 6-13.)
2  The court also expressly warned plaintiffs in its order of
3  December 11, 2007, that while they would be permitted another
4  opportunity to amend, they should "seriously consider the court's
5  remarks and make all necessary modifications to the draft of
6  their amended complaint."  (Id. at 14.)  Plaintiffs did not heed
7  the court's warning, and after full consideration of the parties'
8  papers, the court granted defendants' Rule 12(b)(6) and 12(f)
9  motions in their entirety, dismissing the case with prejudice and
10 without further leave to amend.  Plaintiffs provide no grounds to
11 reconsider that decision.
12     Accordingly, plaintiffs' motion for reconsideration of the
13 court's May 20 Order is HEREBY DENIED.
14     IT IS SO ORDERED.
15 DATED: July 28, 2008

FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

6