1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10                      ----oo0oo----

11   KAREN GROSZ; BERNADETTE
     CHAVEZ; VICKI RAMSEY; MARY
12   KRISTINA BISHOP; SANDRA
     BECKWITH; TONI POULSEN;
13   KATHERINE LEAO; and DENISE
     STEVENSON,
14                                     NO. CIV. S-07-697 FCD/CMK
             Plaintiff,
15
         v.                            **AMMENDED**[1] MEMORANDUM AND ORDER
16
     LASSEN COMMUNITY COLLEGE
17   DISTRICT; HOMER CISSELL; BOARD
     OF TRUSTEES OF LASSEN
18   COMMUNITY COLLEGE DISTRICT,

19           Defendants.

20                      ----oo0oo----

21       This matter is before the court on defendants Lassen

22   Community College District's ("District")[2] and Homer Cissell's

23   ────────────────────

24       [1]   This amended memorandum and order makes minor
     modifications to the order filed on May 20, 2008, relating to
25   non-substantive, typographical errors.  That order is hereby
     VACATED, and the instant order supercedes it in all respects.

26       [2]   The District moved for dismissal only on its own behalf
27   (Docket #36). However, in a previous motion to dismiss (Docket
     #9) the District also moved on behalf of defendant Board of
28   Trustees of Lassen Community College District (the "Board"), who
     is also represented by the District's counsel. In light of the

                              1

("Cissell") (collectively, "defendants") motions to dismiss plaintiffs Karen Grosz, Bernadette Chavez, Vicki Ramsey, Mary Kristina Bishop, Sandra Beckwith, Toni Poulson, Katherine Leao and Denise Stevenson's (collectively, "plaintiffs") third amended complaint ("TAC"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[3] and motions to strike plaintiffs' request for punitive and liquidated damages, pursuant to Rule 12(f).[4]

Plaintiffs have not, as previously directed by the court, provided the requisite information to plead any of their claims for relief. Accordingly, as the court, in *two* prior orders, dismissed plaintiffs' complaint pursuant to Rule 8(a), and plaintiffs, once again, fail to plead the essential facts necessary to state their claims, defendants' motions to dismiss and to strike are GRANTED.[5] Plaintiffs' TAC is dismissed with prejudice and without leave to amend.

## BACKGROUND

On April 26, 2007, plaintiffs filed a first amended complaint, as of right, against defendants. In response to defendants' Rule 12(b)(6) motions, the court ruled that

previous motion, the court assumes the District intended to file the instant motions also on the Board's behalf. As such, the court construes the pending motions as brought on behalf of the District and the Board.

[3] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

[4] Defendants each filed separate motions. (Docket #s 36, 37, 39). The motions raise nearly identical issues, and therefore, the court considers them jointly.

[5] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 78-230(h).

plaintiffs' first amended complaint failed to meet the requirements of Rule 8(a), and it therefore dismissed the complaint but granted plaintiffs leave to amend.  In so ruling, the court cautioned plaintiffs that it was "particularly troubled by the complaint's surprising dearth of information" and ordered plaintiffs to supplement their complaint with all pertinent information to allow defendants to properly and fully answer it. (Mem. and Order, filed Aug. 17, 2007).

Plaintiffs filed their second amended complaint on September 6, 2007.  Like the first amended complaint, plaintiffs did not provide facts to meet the "fair notice" requirement of Rule 8(a). In response to defendants' Rule 12(b)(6) motions, the court again dismissed plaintiffs' complaint under Rule 8(a); the court granted plaintiffs a final opportunity to amend, instructing plaintiffs to "make all necessary modifications to the draft of their third amended complaint" (attached to their opposition) because "[p]laintiffs will not be given another opportunity to amend." (Mem. and Order, filed Dec. 11, 2007 ["December 11 Order"]).  The court's 15-page order provided plaintiffs detailed guidance to remedy the major deficiencies in their second amended complaint.  Id.

On December 28, 2007, plaintiffs filed their TAC, alleging the following claims for relief: (1) violation of their equal protection rights pursuant to 42 U.S.C. § 1983 ("§ 1983"); (2) violation of their substantive due process rights pursuant to

§ 1983; (3) violation of their First Amendment rights;[6]
(4) intentional infliction of emotional distress; (5) violation
of Cal. Gov't Code § 12900 *et seq.* ("§ 12900" or "FEHA") based on
a hostile work environment theory; (6) violation of § 12900 *et
seq.* based on a wrongful termination theory; (7) violation of
their civil rights under 42 U.S.C. § 2000(e) *et seq.* ("Title
VII"); and (8) retaliation.[7]  (TAC ¶¶ 66-128).  Unlike the prior
complaints, the eight individual plaintiffs provided separate
allegations in the TAC in an attempt to adequately support their
claims.  However, as set forth more fully below, plaintiffs
continue to provide only conclusory allegations instead of facts.

Plaintiff Karen Grosz ("Grosz"), for example, was hired by
the District on a year-to-year contract, subject to Cal. Educ.
Code § 72411, as Dean of Instructional Services, an
administrative position.  (TAC ¶ 8).  Grosz alleges she was
required by Cissell to accept the duties of male employees
without additional compensation.  (TAC ¶ 6).  Absent from the
TAC, however, are Grosz' actual job duties, why the work assigned
to her was "additional," why she was entitled to additional pay,
and if she actually performed the "additional" work.  Grosz
further alleges Cissell publicly criticized Grosz and slandered

---

[6]  Plaintiffs do not indicate in the TAC the procedural
vehicle for asserting this constitutional claim.

[7]  Plaintiffs did not plead their retaliation claim
pursuant to a statutory violation as required by Cal. Gov't Code
§ 815.  The court previously instructed plaintiffs to identify
the statutory violation, whether Title VII or FEHA, so that
defendants may make a meaningful response to this claim.
(December 11 Order at 12:19-25).  However, plaintiffs' TAC again
ignores the court's instruction and fails to identify the
statutory violation upon which the retaliation claim is based.
(TAC ¶¶ 124-128).

her at board meetings, and defendants retaliated against her by refusing to allow her to take early retirement after her contract was not renewed. (TAC ¶¶ 9, 18-20). But again, like the previous complaints, Grosz fails to state the dates of her employment, including the date of her alleged termination, and the dates the majority of the alleged actions by defendants occurred. She also fails to plead any facts showing that defendants' actions were done because of her gender.

Bernadette Chavez ("Chavez") has been employed with the District as a faculty member since 1975, teaching psychology classes. (TAC ¶ 26). Like Grosz, Chavez asserts she was treated differently than similarly situated male employees. Chavez alleges that in 2002/2003 she complained to the District that campus security was inadequate, but the District in "an attempt to constructively terminate the female instructors who were intimidated" did not implement additional security measures. (TAC ¶ 28). Chavez further alleges she was retaliated against because she filed complaints against Cissell. (TAC ¶ 32). The alleged retaliatory conduct was that Chavez' psychology classes for the 2007/2008 school year exceeded 40 students. Id. However, Chavez fails to state the class size of similarly situated male faculty in the psychology department in comparison to her student load. She also fails to plead any facts showing the lack of security created an intolerable working environment or demonstrating defendants failed to implement security precautions in an attempt to force female instructors to quit.

Vicki Ramsey ("Ramsey") has been employed with the District since 1995 as an Administrative Assistant in Human Resources.

5

(TAC ¶ 34).  Ramsey claims she was denied "year-to-year credit"
after she was transferred to another position while similarly
situated male employees received year-to-year credit after
transfers.  (TAC ¶ 35).  Ramsey fails to allege facts showing who
these "similarly situated male employees" are, what positions
they transferred to, or why she was entitled to receive year-to-
year credit.  The TAC further fails to connect the repeated
"harassment" Ramsey alleges she was subjected to by the Director
of Human Resources to any cause of action against defendants.
Although Ramsey alleges she was harassed "at the direction of
Cissell," she does not plead any facts showing Cissell directed
the female Director of Human Resources to "harass" Ramsey.  (TAC
¶¶ 37-38).

        The facts alleged by Toni Poulson ("Poulson"), Lassen
Community College women's volleyball coach since 1999, are
similarly deficient.  (TAC ¶ 40).  Poulson alleges she was
falsely imprisoned in her office by the athletic director and
accused of writing negative comments on an accreditation survey
submitted to Cissell.  (TAC ¶ 46).  Poulson fails, however, to
provide the date of the alleged "false imprisonment" and does not
allege a claim for relief based thereon.  Poulson claims she
complained of the harassment to her supervisor, who directed her
to report to Cissell.  Id.  But again, like the previous
complaints, Poulson fails to plead facts regarding when, if ever,
she complained to Cissell about the incident and any details of
Cissell's reaction to the complaint.  Finally, Poulson alleges
defendants read "derogatory letters" regarding Poulson in open
session on April 11, 2006, without notice to Poulson or

opportunity to comment in violation of the Brown Act.[8]   (TAC
¶ 42).

Mary Bishop ("Bishop"), a faculty member since 1976, alleges
she was deprived due process by being required to "arbitrate
claims."  (TAC ¶¶ 48, 53).  Once again, there is no information
regarding what type of claims were made and when, nor that Bishop
had any rights entitling her to due process.  Further, Bishop
alleges she was physically threatened by a male employee in
February 2006, and Cissell refused to terminate the male
employee.  (TAC ¶ 54).  She allegedly filed a complaint about
security at some unknown time.  Id.  Bishop fails to provide
facts regarding the content of her complaint, whether she made a
formal complaint regarding the male employee's behavior, and why
she required extra security under the circumstances.  Also,
according to Bishop's allegations, this male employee was
ultimately removed from his employment with the District.

Katherine Leao ("Leao") was a part-time counselor with the
District from 2004 until June 2006 when her employment was
allegedly terminated.  (TAC ¶¶ 59, 62).  Leao claims she was
treated differently than a similarly situated male employee, in
that she "was terminated for activities that are carried on by
male employees regularly and did not result in termination."
(TAC ¶ 59).  However, Leao fails to provide any factual
allegations regarding what activities she was allegedly
terminated for and when, or what similar activities male

---

[8]    Poulson does not, however, make any claim for relief
for violation of the Brown Act and provides no facts showing she
was entitled to notice and an opportunity to be heard under the
circumstances.

employees engaged in for which they were not terminated.  In the alternative, Leao alleges she was terminated because of her completion of time cards and as a result of taking medical leave. (TAC ¶¶ 60, 61).  But again, like the previous complaints, Leao pleads no facts showing that the completion of her time cards were done correctly or that she was actually terminated because of the way she filled out her time cards.  She also fails to provide facts showing she requested special accommodation for her alleged disability or that defendants terminated her because of her disability.

Denise Stevenson ("Stevenson") has worked for the District "in the technical instruction area" since 1999.  (TAC ¶ 56). Stevenson alleges she was treated differently than similarly situated male employees because she was reprimanded for using emails to "communicate humor" when this practice was used by other "predominantly male" employees who were not reprimanded. (TAC ¶ 56).  Stevenson fails to allege *facts* regarding when the emails were sent, when she was reprimanded, and by whom.  She further alleges she suffered retaliation through her husband's demotion.  (TAC ¶ 57).[9]

Finally, since 1996, Sandra Beckwith ("Beckwith") has been employed with the District as a counselor and program director for the developmentally disabled.  (TAC ¶ 64).  Beckwith alleges since 2004 she was harassed by an unnamed male instructor in an unstated manner.  She alleges she filed a grievance regarding the

---

[9]    The court held previously that the alleged demotion of Stevenson's husband does not give rise to a cause of action Denise Stevenson can bring.  (December 11 Order at 8:18-20).

8

harassment two years later on February 28, 2006.  She claims she was thereafter publicly reprimanded by Cissell by being told her grievance was rejected against the male employee.  (TAC ¶ 66).

Plaintiffs, once again, fail to plead the essential facts necessary to state their claims.  Indeed, in response to defendants' thorough motions to dismiss and to strike, plaintiffs filed a brief 12-page opposition.[10]  Both plaintiffs' TAC and opposition rely on conclusory statements of the law and sweeping allegations of discrimination and general misconduct to substantiate their claims against defendants.  Because the TAC still lacks the necessary information to state a cognizable claim against defendants, plaintiffs have left this court no choice but to dismiss the TAC with prejudice and without leave to amend.

**STANDARD**

### A.   Rule 12(b)(6)

The United States Supreme Court recently held, in evaluating the federal pleading standards, that "without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 n.3 (2007).  The Court emphasized that when a complaint is attacked by a Rule 12(b)(6) motion to dismiss "[a] plaintiff's

_____

[10]   Defendant Cissell filed a detailed 45-page motion to dismiss and to strike while the District submitted a comprehensive 31-page motion for the same.  In response, plaintiffs' brief opposition makes only broad generalizations of the law and fails to apply the controlling law in any substantial way to the facts of this case, involving allegedly some eight persons separate claims of numerous violations of federal and state laws.

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." Id. at 1964-65.  The Court held "factual allegations must be enough to raise a right to relief above the speculative level."[11]  Id. at 1965.

Furthermore, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, to comply with federal pleading requirements, *each* plaintiff is required to plead the elements of her claim. See Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000).  If a complaint seeks individual relief, then each plaintiff's right to relief "depends upon proof of the operative facts giving rise to an enforceable right in favor of that plaintiff." Id.  Some "courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate

---

[11]     Plaintiffs misrepresent the standard set forth in Bell Atlantic.  Plaintiffs state the *complaint* "must be enough to raise a right to relief above the speculative level." (Plaintiffs' Opp'n, filed Mar. 5, 2008 ["Opp'n"], at 2).  This quote is misleading and incorrect.  Bell Atlantic held plaintiffs must plead *facts* showing they are entitled to relief.

statements will facilitate a clear presentation." Id. at 840-41.
The court may not dismiss a complaint in which the plaintiff
alleged "enough facts to state a claim to relief that is
plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974.
However, where a plaintiff has not "nudged [his or her] claims
across the line from conceivable to plausible," the complaint
properly is dismissed. Id.

### B. Rule 12(f)

Rule 12(f) enables the court on the motion of a party or on
its own initiative to "order stricken from any pleading . . . any
redundant, immaterial, impertinent, or scandalous matter." The
function of a Rule 12(f) motion is to avoid the time and expense
of litigating spurious issues. Fantasy, Inc. v. Fogerty, 984
F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S.
517 (1994). A motion to strike may be used to strike the prayer
for relief where the damages sought are not recoverable as a
matter of law. Wilkerson v. Butler, 229 F.R.D. 166, 172 (C.D.
Cal. 2005) (recognizing prayers for punitive damages or for
attorney's fees, in actions where they are not recoverable as a
matter of law, are susceptible to a motion to strike).

**ANALYSIS**

### A. Immunity

Plaintiffs' claims for violations of equal protection and
substantive due process[12] under § 1983 are limited by the

---

[12]   See Section B infra. Plaintiffs' claims for violation
of substantive due process are properly construed as claims for
violation of *procedural* due process. For purposes of this
immunity analysis, however, the construction of the claim as
substantive or procedural is immaterial.

Eleventh Amendment.[13]   State agencies, including governmental entities that are considered "arms of the state" under the Eleventh Amendment, are immune from liability.   <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 70 (1989); <u>Pitts v. County of Kern</u>, 17 Cal. 4th 340, 348 (1998).   Community college districts are state entities entitled to Eleventh Amendment immunity. <u>Mitchell v. Los Angeles Community College Dist.</u>, 861 F.2d 198, 201 (9th Cir. 1988); <u>Cerrato v. San Francisco Community College Dist.</u>, 26 F.3d 968, 972 (9th Cir. 1994); <u>Belanger v. Madera Unified School District.</u>, 963 F.2d 248, 251 (9th Cir. 1992).   An employee of a community college district is also entitled to Eleventh Amendment immunity from federal civil rights suits when sued in his/her official capacity.   <u>Mitchell</u>, 861 F.2d at 201.

Thus, the District here is an "arm of the state" and entitled to Eleventh Amendment immunity.   <u>Id.</u>   As such, plaintiffs' claims against the District for equal protection and due process violations pursuant to § 1983 are, as a matter of law, barred by the Eleventh Amendment.

Any claims under § 1983 against Cissell, in his official capacity, would likewise be barred.   However, plaintiffs' TAC fails to state whether Cissell is being sued in his official or

---

[13]   The court's December 11 Order provided plaintiffs express notice that they failed to address the applicable statutory and case law regarding immunity.   The court instructed plaintiffs to review the Eleventh Amendment as it applies to community college districts and its employees.   However, plaintiffs' TAC again fails to consider that defendants are immune from suit under the Eleventh Amendment in several respects.

individual capacity.[14]  The court finds that to the extent plaintiffs bring this action against Cissell in his official capacity, as an employee of the District, plaintiffs' equal protection and substantive due process claims pursuant to § 1983 are barred by the Eleventh Amendment.  Id.

To the extent Cissell is being sued in his individual capacity, he is also entitled to immunity for his discretionary acts.  California Government Code § 820.2 provides: "a public employee is not liable for any injury resulting from his act or omission when the act or omission was the result of the exercise of discretion vested in him, whether or not such discretion be abused."  Thus, public employees such as school administrators and officials are specifically covered under this statute for their "discretionary" acts.  Caldwell v. Montoya, 10 Cal. 4th 972, 981 (1995) (finding acts such as disciplining employees and recommending employee terminations are discretionary acts that fall under the purview of § 820.2 immunity).

Certain of plaintiffs' allegations against Cissell stem from Cissell's acts of discretion vested in him as President and Superintendent of Lassen Community College, a public entity.  The alleged acts of Cissell, such as discipline at board meetings, reprimands, and decisions regarding job status, were all

---

[14]    The December 11 Order also expressly noted that plaintiffs failed to allege in what capacity they sued Cissell. Plaintiffs, again ignoring the court's admonitions, failed to make these allegations in the TAC.  Such allegations are critical to permit Cissell to formulate a response to the complaint.  On this basis alone, the court could grant Cissell's motion as to these claims.  Nonetheless, the court considers herein whether plaintiffs can sustain a § 1983 claim against Cissell in either his official or individual capacity.

exercised within the scope of his employment and, therefore, were within Cissell's vested discretion.  (TAC ¶¶ 8-65).  Accordingly, in these respects, plaintiffs' equal protection and substantive due process claims against Cissell, in his individual capacity, are also properly dismissed because Cissell's alleged actions against plaintiffs were discretionary employment actions entitled to immunity.

Plaintiffs also allege defendants violated their First Amendment rights to freedom of speech and association.  Plaintiffs did not allege their First Amendment claims pursuant to § 1983, but such claims may only be brought under that statute.  See Alpha Energy Savers, Inc. v. Hansen, 381 F.3d 917, 923 (9th Cir. 2004); Nunez v. Davis, 169 F.3d 1222, 1226 (9th Cir. 1999).  Thus, for the same reasons as set forth above, the District, as an "arm of the state," and Cissell, in his official capacity, are shielded from plaintiffs' First Amendment claims because of Eleventh Amendment immunity.  Any claims against Cissell in his individual capacity are also barred by the discretionary immunity doctrine, as discussed above.

Accordingly, plaintiffs' claims for violations of equal protection, substantive due process, and First Amendment rights to freedom of speech and association, brought pursuant to § 1983, are dismissed.

### B.    Substantive Due Process

In addition to the applicable immunities, discussed above, which bar plaintiffs' § 1983 claims against defendants, certain plaintiffs' claims pursuant to § 1983 also, alternatively, fail

for other clear reasons.  For example, plaintiffs Grosz and Leao specifically allege defendants violated their substantive due process rights under § 1983 by depriving them of their property interest in continued employment with the District.  While plaintiffs describe their claim as one for violation of their substantive due process rights, it is properly considered a claim for violation of plaintiffs' *procedural* due process rights, and the court treats the claim as such.  <u>Albright v. Oliver</u>, 510 U.S. 266, 273 (1994) (quoting <u>Graham v. Conner</u>, 490 U.S. 386, 395 (1989)) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular source of government behavior, 'that Amendment, not the more generalized notion of substantive due process' must be the guide for analyzing [the] claims.").  The deprivation of property without a hearing is the type of government conduct for which the procedural due process clause of the Fourteenth Amendment provides explicit limitations.  <u>See</u> <u>Matthews v. Eldridge</u>, 424 U.S. 319, 332 (1976).  Thus, the court considers plaintiffs Grosz and Leao's allegations of a deprivation of a property interest in their employment as a procedural due process claim.

To successfully state such a claim, a plaintiff must allege sufficient facts that (1) she had a constitutionally protected property interest, (2) which was deprived by the government, (3) without adequate due process.  <u>See</u> <u>Board of State of Colleges v. Roth</u>, 408 U.S. 564, 577 (1972); <u>Portman v. County of Santa Clara</u>, 995 F.2d 898, 904 (9th Cir. 1993).

Public employment in California is held by statute rather than by contract.  <u>See</u> <u>Miller v. State of California</u>, 18 Cal. 3d

808, 813 (1977); see also Kim v. Regents of the University of California, 80 Cal. App. 4th 160, 164 (2000).  Thus, a California public employee may not state a claim for breach of contract against an employer.   See Shoemaker v. Meyers, 52 Cal. 3d 1, 23-24 (1990) (finding that civil service public employees cannot state a cause of action for breach of contract or breach of the implied covenant of good faith and fair dealing); Hill v. City of Long Beach, 33 Cal. App. 4th 1684, 1690 (1995) (applying the same principle to civil service and non-civil service public employees alike).  California Education Code § 72411 provides that "[t]he governing board of a community college district . . . may at any time terminate . . . the term of employment of, and any contract of employment with, the administrator of the district."  All administrative employees serve the governing board and are considered an "administrator of the district" under the California Education Code.  Cal. Educ. Code § 72411; see Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1315 (9th Cir. 1984) (finding that community college district superintendent did not have property interest in employment based on contract, state law, or official board policy).

Grosz and Leao are the only plaintiffs to plead an actual property deprivation, alleging termination of employment; however, neither plaintiff provides any facts upon which their alleged property rights in employment are based.[15]  Grosz was an

---

[15]    It is unclear from the TAC whether the remainder of the plaintiffs are making procedural due process claims. Nevertheless, Grosz and Leao are the only plaintiffs to allege any deprivation of a property interest because the other plaintiffs remain employed with the District.  An employee who remains employed at the named public agency has not, as a matter

administrator who served the District's governing board.  As an

administrator, the District had the authority to terminate

Grosz's contract for any reason whether or not it was for cause.

Cal. Educ. Code § 724119(a).  Plaintiffs rely on <u>Ofsevit v.</u>

<u>Trustees of the California State University and Colleges</u>, 21 Cal.

3d 763 (1978), for the proposition that Grosz "ha[d] an

expectation of not being fired for an unlawful purpose." (Opp'n

at 5).  However, in <u>Ofsevit</u>, the plaintiff was a faculty member

whose employment was governed by a union collective bargaining

agreement, and his claims were for retaliation for exercise of

his First Amendment rights, not due process.  21 Cal. 3d at 766-

70.  <u>Ofsevit</u> does not provide Grosz support in claiming a

property interest in her employment.  Section 1983 only protects

Grosz from deprivation of "rights, privileges, and immunities

secured by the Constitution and laws."  Unlike in <u>Ofsevit</u> where

First Amendment rights are secured by the Constitution, property

interests are not.  <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 575

(1972) (finding that property interests are not created by the

Constitution, rather they are created from existing rules that

stem from an independent source, such as state law).

Accordingly, Grosz's alleged expectation in continued employment

with the District is legally unfounded and uncognizable.

Leao's alleged property interest in continued employment is

similarly unsupported in the TAC.  While plaintiffs are correct

that statutes, such as Title VII and FEHA, protect part-time

---

of law, suffered a deprivation of a property interest.  <u>Portman</u>,
995 F.2d at 904.  Plaintiffs' alleged fears of termination and
other adverse employment actions are not a deprivation of a
property interest, cognizable as a procedural due process claim.

employees, like Leao, from unlawful acts by their employer, these
statutes do not provide Leao a *property* interest in her
employment, for purposes of bringing a procedural due process
claim pursuant to § 1983.  <u>See</u> <u>Bd. of Regents</u>, 408 U.S. at 577.

Plaintiffs' TAC fails to allege any basis for Grosz or
Leao's alleged property interest in continued employment with the
District, and thus, their procedural due process claim (alleged
as a substantive due process claim) is properly dismissed on this
alternative basis.

### C. <u>First Amendment</u>

Like the due process claim, in addition to immunities
barring plaintiffs' claims of First Amendment violations, certain
plaintiffs' claims alternatively fail for other obvious reasons.
Plaintiffs Grosz, Chavez, Bishop and Beckwith allege defendants
violated their First Amendment rights of free association and
free speech because (1) they "worked together" in filing their
complaints to the Equal Employment Opportunity Commission
("EEOC") and were retaliated against after their complaints were
filed[16] and (2) defendants told them "to stop making complaints"
regarding inadequate security or they "would be terminated."
(Opp'n at 7-8).

To state a claim against a government employer for violation
of the First Amendment, a plaintiff must plead facts

---

[16]    These allegations are not made in the TAC; rather, they
are asserted only in plaintiffs' opposition to the instant
motions.  On that basis alone, the court could dismiss these
plaintiffs' First Amendment claim as there are no allegations *in
the TAC* to support it.  Nonetheless, to permit plaintiffs every
opportunity to sustain a claim, the court addresses the merits of
plaintiffs' allegations.

1  demonstrating: (1) she engaged in protected association or
2  speech; (2) the employer took "adverse employment action" against
3  her; and (3) her association or speech was a "substantial or
4  motivating" factor for the adverse employment action.  Bd. of
5  County Comm'rs v. Umbehr, 518 U.S. 668, 674 (1996); Coszalter v.
6  City of Salem, 320 F.3d 968, 973 (9th Cir. 2003).

7      Plaintiffs do not plead sufficient facts in their TAC, nor
8  in their opposition, to plausibly allege they engaged in
9  protected association and were retaliated against by defendants.
10 Plaintiffs Grosz, Chavez, Bishop and Beckwith allege no facts
11 detailing dates when they purportedly "worked together" to file
12 their EEOC complaints, nor do they allege any facts showing their
13 complaints were motivating factors for any adverse employment
14 action.  In fact, Grosz is the only plaintiff to allege an
15 adverse employment action--her termination.  While Grosz alleges
16 this required element, she fails to allege the other
17 requirements, including *when* the protected assembly took place,
18 *when* she filed an EEOC complaint, and *when* her administrative
19 employment contract was not renewed.  Because the TAC and
20 opposition are devoid of any allegations regarding when Grosz,
21 Chavez, Bishop and Beckwith filed their EEOC complaints, it is
22 impossible to conclude plaintiffs were "working together" and
23 that this assembly of effort was a motivating factor for any
24 adverse employment action.

25     Plaintiffs similarly fail to demonstrate defendants took any
26 adverse employment actions against them based on their protected
27 speech.  There are no factual allegations in the TAC to
28 demonstrate plaintiffs' complaints of inadequate security in

19

2003, even assuming they qualify as "protected" speech, motivated any alleged action taken against them by defendants *years later* in 2006 or 2007.

Based on the information provided in the TAC, and even considering the opposition's further allegations, plaintiffs have not alleged "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1974. Accordingly, these plaintiffs' claim for violation of their First Amendment rights is also properly dismissed for the above, alternative reasons.

### D.   <u>Intentional Infliction of Emotional Distress</u>

Plaintiffs allege a common law claim against defendants for intentional infliction of emotional distress.  They do not provide a statutory basis for this claim.  In California, a public entity and its employees are not liable for an injury unless there is a statute declaring them to be liable.  Cal. Gov't Code § 815; <u>County of Sacramento v. Superior Court</u>, 8 Cal. 3d 479, 481 (1972) (recognizing that in the absence of a constitutional requirement, public entities and public employees may be held liable only by statute).  Intentional infliction of emotional distress is a common law claim, unsupported by a constitutional requirement or statute, and thus, plaintiffs may not allege this claim against defendants.[17]

Moreover, the California Workers' Compensation Act precludes employees from suing their employer for emotional distress.  Cal. Lab. Code § 3601; <u>see</u> <u>Gibbs v. American Airlines, Inc.</u>, 74 Cal.

---

[17]   The December 11 Order noted this precise deficiency in the second amended complaint.

App. 4th 1, 10 (1999) (finding that the exclusive remedy provision in the California Worker's Compensation Act barred employee's claim against employer for emotional distress where injury arose in course of her employment and was caused by her employment).  Plaintiffs' TAC centers its intentional infliction of emotional distress claim on wrongful acts *in the course of plaintiffs' employment*.  Therefore, the claim is properly dismissed on the alternative basis it is barred by the exclusive remedy provision of the California Workers' Compensation Act.

Finally, even if such a claim were cognizable against defendants, plaintiffs' TAC further fails to assert any facts to allege the requisite elements of this cause of action, including: (1) defendants' conduct was intentional, or with reckless disregard of the probability of causing, emotional distress; (2) plaintiffs suffered severe or extreme emotional distress; or (3) defendants' outrageous conduct was the actual or proximate cause of such distress.  See Simo v. Union of Needletrades, Inds. & Textile Employees, Southwest, 322 F.3d 602, 621-22 (9th Cir. 2003).

For all of these reasons, plaintiffs' claim for intentional infliction of emotional distress must be dismissed.

**E.   Hostile Work Environment, Wrongful Termination, and Retaliation in violation of FEHA and Title VII**

Plaintiffs allege hostile work environment harassment and discrimination, wrongful termination,[18] and retaliation[19] claims

---

[18]   The District addresses plaintiffs' wrongful termination claim as a "Tameny" claim; namely, a claim of wrongful discharge in violation of public policy pursuant to common law.  Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167 (1980).  However, this

1  against defendants in violation of FEHA[20] and Title VII.

2  Preliminarily, the court notes plaintiffs' FEHA claims could be

3  dismissed based solely on plaintiffs' failure to exhaust

4  administrative remedies.  A FEHA action must be filed within one

5  year after the issuance of a right-to-sue notice.  Cal. Gov't

6  Code § 12965(b).  Plaintiffs Chavez, Ramsey, Bishop, Beckwith,

7  Paulson and Stevenson do not allege they filed a claim with the

8  California Department of Fair Employment and Housing ("DFEH"),

9  nor do they allege they received a right-to-sue notice.  Grosz

10  claims to have filed a charge of discrimination with DFEH on

11  August 7, 2006, but she fails to allege she received a right-to-

12  sue notice.  Based on plaintiffs' failure to allege facts

13  demonstrating they exhausted administrative remedies, plaintiffs'

14  FEHA claims could be dismissed.  Nevertheless, the court

15  considers herein, assuming proper exhaustion, whether plaintiffs

16  can otherwise sustain a FEHA claim against defendants.

17      Plaintiffs' FEHA claims for hostile work environment

18  harassment and discrimination, wrongful termination, and

19

20  construction of the claim is incorrect given plaintiffs' TAC
alleges a statutory basis for the wrongful termination claim

21  pursuant to California Government Code §§ 12921 and 12940.
Therefore, the court analyzes this claim pursuant to FEHA.

22      [19]  As previously noted, plaintiffs did not plead their

23  retaliation claim pursuant to a statutory violation as required
by California Government Code § 815, and the court could properly
dismiss the claim on that basis alone.  Nonetheless, the court

24  considers herein whether plaintiffs can sustain a retaliation
claim against defendants pursuant to either FEHA or Title VII.

25

26      [20]  Under FEHA, supervisors may not be held individually
liable for discriminatory or retaliatory acts.  See Jones v. The
Lodge at Torrey Pines Partnership, 42 Cal. 4th 1158, 1173 (2008);

27  see also Reno v. Baird, 18 Cal. 4th 640, 644-45 (1998).
Therefore, defendant Cissell's motion to dismiss plaintiffs'

28  claims of discrimination and retaliation under FEHA against
Cissell in his individual capacity must be granted.

retaliation are based on the same allegations as plaintiffs'
Title VII claims.  Because the anti-discrimination objective and
relevant wording of Title VII is similar to that of FEHA,
"California courts often look to federal decisions interpreting
[Title VII] for assistance in interpreting FEHA." Richards v.
CH2M Hill, Inc., 26 Cal. 4th 798, 812 (2001).  Therefore, this
court applies the same legal standards in approaching plaintiffs'
FEHA and Title VII claims.  See Brooks v. City of San Mateo, 229
F.3d 917, 923 (9th Cir. 2000) (California courts apply the
"McDonnell Douglas" burden shifting approach to claims brought
pursuant to FEHA and apply the same guiding principles as applied
under Title VII).

        Plaintiffs assert they were subject to a hostile work
environment based upon comments made at Board meetings, verbal
threats by an unidentified male instructor, and by being assigned
work of male employees without additional pay.  To establish a
prima facie case of hostile work environment harassment under
FEHA or Title VII, a plaintiff must plead facts demonstrating:

> (1) she was subjected to verbal or physical conduct because
> of her sex, (2) the conduct was unwelcome, and (3) the
> conduct was sufficiently severe or pervasive to alter the
> conditions of plaintiff's employment and create an abusive
> working environment.

See Harris v. Forklift Sys., 510 U.S. 17, 21 (1993); see also Li
Li Manatt v. Bank of America, NA, 339 F.3d 792, 798 (9th Cir
2003) (quoting Kang v. U. Lim Am., Inc., 296 F.3d 810, 817 (9th
Cir. 2002).  FEHA and Title VII are not general civility codes.
Li Li Manatt, 339 F.3d at 798 (citing Faragher v. City of Boca
Raton, 524 U.S. 775, 788 (1998)).  "Simple teasing, offhand
comments, and isolated incidents (unless extremely serious) will

23

1  not amount to discriminatory changes in the terms or conditions

2  of employment."   Faragher, 524 U.S. at 788.

3      In addition, plaintiffs bring FEHA and Title VII

4  discrimination claims against defendants based on Grosz and

5  Leao's alleged wrongful termination.   To establish a prima facie

6  case of discrimination under FEHA and Title VII, a plaintiff must

7  plead facts that give rise to an inference of discriminatory

8  motive.   See Transworld Airlines, Inc. v. Thurston, 469 U.S. 111,

9  121 (1985).   Said facts include that the plaintiff: (1) is a

10 member of a protected class; (2) applied for a job or was

11 terminated from a job[21] for which she was qualified; and (3) was

12 rejected or terminated under circumstances which give rise to an

13 inference of unlawful discrimination.   Tex. Dep't of Cmty.

14 Affairs v. Burdine, 450 U.S. 248, 253 (1981); McDonnell Douglas

15 Corp. v. Green, 411 U.S. 792, 802 (1973).

16     Finally, plaintiffs bring a claim against defendants under

17 FEHA and Title VII for unlawful retaliation based upon

18 plaintiffs' complaints regarding acts by supervisors, co-

19 employees, and administrators, including Cissell.   To establish a

20 prima facie case of retaliation under FEHA and Title VII, a

21 plaintiff must plead facts showing: (1) she engaged in a

22 protected activity; (2) she suffered an adverse employment

23

24     [21]   The Supreme Court in McDonnell Douglas, 411 U.S. at
   802, n.13, and in Burdine, 450 U.S. at 254, n.6, noted the
25 standard for a prima facie case of discrimination is not
   inflexible, as "[t]he facts necessarily will vary in Title VII
26 cases, and the specification . . . of the *prima facie* proof
   required from [a particular plaintiff] is not necessarily
27 applicable in every respect to differing factual situations."
   Here, Grosz and Leao can meet the second prong by pleading facts
28 demonstrating they were terminated from a job for which they were
   qualified.

1   action; and (3) there was a causal connection between the two.

2   <u>Raad v. Fairbanks North Star Borough Sch. Dist.</u>, 323 F.3d 1185,

3   1196-97 (9th Cir. 2003).

4        Although plaintiffs' TAC includes numerous cursory

5   allegations of gender discrimination, *the facts* alleged fail to

6   support claims under FEHA or Title VII.  For example, plaintiffs

7   assert they were treated differently than "similarly situated

8   male employees," but they do not plead sufficient facts to

9   support this allegation.  Plaintiffs allege they were publicly

10  embarrassed by Cissell at Board meetings, that defendants failed

11  to remedy inadequate security to systematically eliminate the

12  female employees, and that plaintiffs were retaliated against by

13  being assigned "additional work" or a larger psychology class.

14  However, absent from these allegations are facts showing that any

15  of the actions were motivated by plaintiffs' *gender* or that

16  "similarly situated" men were not also subject to similar actions

17  by defendants.

18       Plaintiffs' reliance on <u>Hammond v. County of Los Angeles</u>, 72

19  Cal. Rptr. 3d 311 (2008) is inapposite.  <u>Hammond</u> was decided on a

20  motion for summary judgment which, in and of itself, assumes that

21  the plaintiff plead facts in the complaint sufficient to state a

22  claim for relief.  <u>Hammond</u>, 72 Cal. Rptr. 3d at 318.  Here, in a

23  Rule 12(b)(6) motion to dismiss, it is not enough to simply plead

24  that all the plaintiffs are female and they "believe" that the

25  only reason for defendants' actions is intentional

26  discrimination.  <u>See</u> <u>Bell Atlantic</u>, 127 S. Ct. at 1965; <u>Bautista</u>,

27  216 F.3d at 840-41.  Accordingly, plaintiffs' cursory allegations

28  do not meet the FEHA and Title VII requirement that plaintiffs

plead facts showing "discrimination or harassment occurred because of plaintiffs' gender."  <u>Meritor Savings Bank, FSB v. Vinson</u>, 477 U.S. 57, 64 (1986).

Under FEHA and Title VII, plaintiffs must plead facts showing each plaintiff, separately, suffered some adverse action by defendants.  42 U.S.C. § 2000e-3(a); Cal. Gov't Code § 12940.  Plaintiffs fail to allege sufficient facts to show each plaintiff suffered an action that was materially adverse to her job.  Only two plaintiffs, Grosz and Leao, actually allege they were terminated from their employment.  However, Grosz and Leao *do not plead* facts to substantiate their claims that they were terminated "because of filing claims against the defendants and because of their association with others who had filed claims against the District."  (TAC ¶ 113).  Grosz and Leao simply have not plead *facts* sufficient to "raise a right to relief above the speculative level."  <u>Bell Atlantic</u>, 127 S. Ct. at 1965.

Also, the vague facts regarding the other plaintiffs and their alleged adverse employment actions only provide: (1) Chavez received written criticism and a larger psychology class; (2) Ramsey was denied her request to retain her seniority; (3) Paulson had to share an office and schedule some sporting events off campus; (4) Bishop was "removed" from her position as Articulation Officer; and (5) Beckwith was publicly reprimanded. Mere inconveniences or alterations of job responsibilities are not substantial actions sufficient to amount to adverse employment actions.  <u>Thomas v. Department of Corrections</u>, 77 Cal. App. 4th 507, 511 (2000) (finding that an adverse employment action requires "a materially adverse change in the terms of . .

1   . employment").[22]  Clearly, these plaintiffs' allegations do not

2   meet this threshold.

3       In sum, the court is not required to accept as true

4   conclusory allegations or legal characterizations that are not

5   factually supported.  <u>Western Mining Council v. Watt</u>, 643 F.2d

6   618, 624 (9th Cir. 1981).  For the numerous reasons set forth

7   above, plaintiffs' TAC does not contain facts sufficient to

8   allege the essential elements of a claim under FEHA or Title VII.

9   Accordingly, plaintiffs' claims of hostile work environment

10  harassment and discrimination, wrongful termination and

11  retaliation must be dismissed.

12      **F.   <u>Liquidated and Punitive Damages</u>**

13      Because plaintiffs have failed to plead any substantive

14  claim for relief against defendants, their claims for damages

15  must likewise be dismissed.[23]  However, again, in the interest of

16  completeness and considering the length at which defendants have

17  gone to move to dismiss plaintiffs' complaint, the court

18

19      [22]   In <u>Thomas</u>, the plaintiff brought a lawsuit against her
    employer and a supervisor for race and gender discrimination and
20  retaliation.  77 Cal. App. 4th at 510-12.  The plaintiff cited
    numerous actions by the defendant, including: (1) giving her a
21  series of undeserved negative job evaluations which resulted in a
    punitive job change and negative reports in her personnel file;
22  (2) falsely accusing her of refusing to obey orders; (3) improper
    docking of pay despite a medical excuse; (4) refusing to allow
23  her a choice of posts; (5) failure of the defendant to deliver
    her a check on a timely basis for her shift differential and for
24  overtime.  <u>Id.</u> at 509-10.  The court held that the actions cited
    by the plaintiff amounted to mere inconveniences or alterations
25  of job responsibilities, and they were not the substantial
    actions necessary to amount to an adverse employment action.  <u>Id.</u>
26  at 511.

27      [23]   The court also notes plaintiffs failed to respond to
    defendants' motions to strike in their opposition.  On that basis
28  alone, the court could grant the motions, as plaintiffs' silence
    is properly construed as a non-opposition to the motions.  <u>See</u>
    E.D. Cal. L.R. 78-230(c).

1  addresses the merits of defendants' motions to strike.

2      By statute, a public entity is "not liable for damages

3  awarded under Section 3294 of the Civil Code [governing punitive

4  damages] or other damages imposed primarily for the sake of

5  example and by way of punishing the defendant."  Cal Gov't Code §

6  818; see also Wells v. One2One Learning Foundation, 39 Cal. 4th

7  1164, 1196 n. 20 (2006) (finding that the purpose behind the

8  statutory ban on damages imposed against public entities, such as

9  school districts, is to protect their tax-funded revenues from

10 legal judgments in amounts which exceed those necessary to

11 compensate the injured party).  Moreover, liquidated damages are

12 awarded for breach of contract and are only granted to the

13 injured party in accordance with the reasonable fixed amount

14 stipulated by the contract.  See Chodos v. W. Publ. Co., 292 F.3d

15 992, 1001 (9th Cir. 2002) (recognizing California courts define

16 liquidated damages as "an amount of compensation to be paid in

17 the event of a breach of contract, the sum of which is fixed and

18 certain by agreement").

19     The District and Cissell, in his official capacity, are

20 government agents charged with the duty of providing public

21 education.  Defendants' activities are largely dependent on state

22 funding.  Therefore, because the purpose of the statutory ban on

23 punitive damages is to protect public financing and taxpayers,

24 the assessment of punitive damages and other penalties against

25 the District and Cissell, in his official capacity, would not

26 advance the purpose of the Civil Code.  Wells, 39 Cal. 4th at

27 1195.  Further, plaintiffs have failed to allege any facts giving

28 rise to a breach of contract action, or facts showing there is a

liquidated damages clause within any enforceable contract.

Accordingly, punitive and liquidated damages are not recoverable as a matter of law against defendants, and even if plaintiffs had stated a cognizable claim, such damages would be properly striken under Rule 12(f).

### G.   <u>Dismissal Without Leave to Amend</u>

The court, in its December 11 Order, provided detailed information regarding deficiencies in plaintiffs' second amended complaint.  In granting one final opportunity for leave to amend, the court advised plaintiffs they "should seriously consider the court's remarks and make all necessary modifications to the draft of their third amended complaint" because "[p]laintiffs will not be given another opportunity to amend their complaint." (December 11 Order at 14).  Yet, plaintiffs once again do not provide the requisite information to plead any of their claims for relief.

> Experience teaches that, unless cases are plead clearly
> and precisely, issues are not joined, discovery is not
> controlled, the trial court's docket becomes unmanageable,
> the litigants suffer, and society loses confidence in
> the court's ability to administer justice.

<u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir 2000); <u>see also</u> <u>Anderson v. District Bd. of Trustees</u>, 77 F.3d 364, 367 (11th Cir. 1996).

Before dismissing a complaint without leave to amend, the court should examine the following factors: (1) undue delay; (2) bad faith; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Allen v. City of</u>

29

1   _Beverly Hills_, 911 F.2d 367, 373 (9th Cir. 1990).  "The district

2   court's discretion [to deny leave to amend] is particularly broad

3   where plaintiff has previously amended the complaint."  _Ascon_

4   _Properties, Inc. v. Mobile Oil Co._, 866 F.2d 1149, 1159 (9th Cir.

5   1989).

6        Here, plaintiffs have failed four times over a one-year

7   period to properly plead their claims for relief.  The court, in

8   two prior orders, dismissed plaintiffs' complaint pursuant to

9   Rule 8(a).  In granting plaintiffs leave to amend, the court

10  provided plaintiffs ample guidance for curing the deficiencies in

11  their complaints.  However, plaintiffs ignored the court's

12  instruction and failed, again, to plead the essential facts

13  necessary to state their claims.  Granting leave to amend in this

14  instance would, therefore, likely prove futile and cause an undue

15  delay in the court's docket.  Plaintiffs' TAC frustrates the aim

16  of the federal rules to bring about just, speedy, and inexpensive

17  resolution of cases.  Plaintiffs' complaints are obviously not

18  readily curable with guidance from the court, as plaintiffs have

19  been given several opportunities to amend with court instruction

20  and still fail to allege substantive claims for relief.

21       Finally, plaintiffs' complaint prejudices defendants.  As a

22  practical matter, opposing counsel, in order to perform their

23  responsibilities, cannot rely on plaintiffs' TAC because it fails

24  to plead in sufficient factual detail what claims are made

25  against whom.  In effect, defendants are placed in the precarious

26  position of guessing the substance of plaintiffs' claims for

27  relief.  Defendants have a right to be free from costly and

28  harassing litigation, such as plaintiffs' four failed attempts to

30

1   state a claim.  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1180 (9th Cir.

2   1996).

3        Therefore, the court dismisses plaintiffs' TAC without leave

4   to amend.

5                              **CONCLUSION**

6        Plaintiffs have not provided, as directed by the court in

7   two prior orders, the requisite information to plead any of their

8   claims for relief.  Accordingly, because the court has twice

9   dismissed plaintiffs' complaint pursuant to Rule 8(a), and

10  plaintiffs, once again, fail to plead the essential facts

11  necessary to state their claims, defendants' motions to dismiss

12  and to strike (Docket #s 36, 37 and 39) are GRANTED.  Plaintiffs'

13  TAC is dismissed with prejudice and without leave to amend.  The

14  Clerk of the Court is directed to close this file.

15  DATED: August 19, 2008

16

17

18                              FRANK C. DAMRELL, JR.

19                              UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28