UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KAREN GROSZ; BERNADETTE CHAVEZ; VICKI RAMSEY; MARY KRISTINA BISHOP; SANDRA BECKWITH; TONI POULSEN; MARSHEL COUSO; KATHERINE LEAO; and DENISE STEVENSON;

    Plaintiffs,

    v.

LASSEN COMMUNITY COLLEGE DISTRICT; HOMER CISSELL; BOARD OF TRUSTEES OF LASSEN COMMUNITY COLLEGE DISTRICT,

    Defendants.

NO. CIV. S-07-697 FCD CMK

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants Lassen Community College District (the "District") and the Board of Trustees of the District's ("defendants")[1] motion for sanctions against plaintiffs' counsel, pursuant to 28 U.S.C. § 1927 and/or the court's inherent authority. By the motion,

---

[1] Defendant Homer Cissell, who is represented by separate counsel, does not join in the instant motion. However, Cissell did previously move to dismiss plaintiffs' complaint on essentially the same grounds as asserted by the District. (See Mems. & Orders, filed Aug. 17 and Dec. 11, 2007 and May 20, 2008.)

defendants seek an order requiring counsel to pay the attorneys' fees and costs, totaling $17,375.00, they incurred in bringing three motions to dismiss, in opposing plaintiffs' motion for reconsideration of the court's final order dismissing the case, and in bringing this motion.  Defendants contend an award of fees and costs is merited under Section 1927 or the court's inherent authority because plaintiffs' counsel unreasonably and vexatiously multiplied these proceedings by continuing to assert knowingly frivolous claims.  For the reasons set forth below, the court DENIES defendants' motion.[2]  While ultimately plaintiffs' counsel was unable to assert viable claims on behalf of her clients, the court cannot find that she acted unreasonably or vexatiously in attempting to do so.  Sanctions pursuant to Section 1927 and/or this court's inherent authority are warranted in only the most egregious of cases, and this is not such a case.

**BACKGROUND**

On April 26, 2007, plaintiffs filed a first amended complaint, as of right, against defendants.  Fed. R. Civ. P. 15(a).  In response to defendants' motions brought pursuant to Federal Rule of Civil Procedure 12(b)(6),[3] the court ruled that plaintiffs' first amended complaint failed to meet the requirements of Rule 8(a), and it therefore dismissed the complaint but granted plaintiffs leave to amend.  In so ruling, the court cautioned plaintiffs that it was "particularly troubled

---

[2] Because the court finds that oral argument will not be of material assistance, it orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

[3] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

2

by the complaint's surprising dearth of information" and ordered plaintiffs to supplement their complaint with all pertinent information to allow defendants to properly and fully answer it. (Mem. and Order, filed Aug. 17, 2007).

Plaintiffs filed their second amended complaint on September 6, 2007. Like the first amended complaint, plaintiffs did not provide facts to meet the "fair notice" requirement of Rule 8(a). In response to defendants' second set of Rule 12(b)(6) motions, the court again dismissed plaintiffs' complaint under Rule 8(a); the court granted plaintiffs a final opportunity to amend, instructing plaintiffs to "make all necessary modifications to the draft of their third amended complaint" (attached to their opposition) because "[p]laintiffs will not be given another opportunity to amend." (Mem. and Order, filed Dec. 11, 2007 ["December 11 Order"]). The court's 15-page order provided plaintiffs detailed guidance to remedy the major deficiencies in their second amended complaint. Id.

On December 28, 2007, plaintiffs filed their third amended complaint ("TAC"), alleging the following claims for relief: (1) violation of their equal protection rights pursuant to 42 U.S.C. § 1983 ("§ 1983"); (2) violation of their substantive due process rights pursuant to § 1983; (3) violation of their First Amendment rights; (4) intentional infliction of emotional distress; (5) violation of Cal. Gov't Code § 12900 *et seq.* ("§ 12900" or "FEHA") based on a hostile work environment theory; (6) violation of § 12900 *et seq.* based on a wrongful termination theory; (7) violation of their civil rights under 42 U.S.C. § 2000(e) *et seq.* ("Title VII"); and (8) retaliation. (TAC ¶¶

66-128). Unlike the prior complaints, each individual plaintiff provided separate allegations in the TAC in an attempt to adequately support their claims.

Defendants again moved to dismiss the complaint pursuant to Rule 12(b)(6). On May 20, 2008, the court granted defendants' motions, dismissing plaintiffs' TAC with prejudice and without leave to amend on the ground that once again "plaintiffs . . . provide[d] only conclusory allegations instead of facts to support their claims." (Mem. & Order, filed May 20, 2008 at 4:6-7.) The court held:

> Indeed, in response to defendants' thorough motions to dismiss and to strike, plaintiffs filed a brief 12-page opposition. Both plaintiffs' TAC and opposition rely on conclusory statements of the law and sweeping allegations of discrimination and general misconduct to substantiate their claims against defendants. Because the TAC still lacks the necessary information to state a cognizable claim against defendants, plaintiffs have left this court no choice but to dismiss the TAC with prejudice and without leave to amend.

(Id. at 8:25-9:8.)

Plaintiffs thereafter filed a motion for reconsideration of the court's May 20 order. Plaintiffs argued (1) the court committed clear error in dismissing plaintiffs' pendent state law claims and (2) under "intervening law" the court improperly dismissed her complaint under Rule 8(a). The court denied plaintiffs' motion, finding that (1) it properly exercised its discretion under 28 U.S.C. § 1367(c) and retained jurisdiction over plaintiffs' state law claims, and (2) the recent Ninth Circuit decision (Hearns) relied on by plaintiffs, addressing dismissals under Rule 8, was inapplicable since the court's final order dismissed plaintiffs' complaint pursuant to Rule 12(b)(6).

4

1  (Mem. & Order, filed July 28, 2008.)
2  　On August 13, 2008, plaintiffs appealed the court's
3  dismissal of this case.

## STANDARD

Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys'fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  Section 1927 sanctions are appropriate when there is no obvious violation of the Federal Rules, but where, within the rules, the proceeding is conducted in bad faith for the purpose of delay or increasing costs.  In re Yagman, 796 F.2d 1165, 1187 (9th Cir. 1986), as amended, 803 F.2d 1085 (9th Cir. 1986).  In order to impose sanctions under Section 1927, the court must find that (1) the attorney multiplied the proceedings; (2) the attorney's conduct was unreasonable and vexatious; and (3) the conduct resulted in an increase in the cost of the proceedings.  B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002).  An attorney's conduct is vexatious or unreasonable where he acts recklessly, with knowledge.  Id.; New Alaska Develop. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989).

Additionally, a federal court also has inherent power to impose sanctions against both attorneys and parties for bad faith conduct in litigation, even if the conduct is sanctionable under other rules such as Rule 11 or Section 1927.  Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991).  However, a court must make a specific finding of bad faith to support sanctions pursuant to

5

its inherent power.  Id.  "Bad faith" conduct includes findings that a lawyer or party "acted in bad faith, vexatiously, wantonly or for oppressive reasons."  Id. at 45-46.  Recklessness combined with other factors such as frivolousness, harassment, or an improper purpose, may constitute bad faith warranting sanctions under a court's inherent power.  B.K.B., 276 F.3d at 1106.

**ANALYSIS**

For sanctions to be warranted, counsel's conduct must have multiplied the proceedings.  On this very first requirement, defendants' motion fails.  Here, the court cannot find that plaintiffs' counsel's actions in filing two amended complaints unnecessarily multiplied these proceedings.  Indeed, defendants ignore that *this court* authorized the filing of those pleadings in its August 17 and December 11, 2007 orders.  Defendants are correct that those orders identified numerous deficiencies in plaintiffs' complaints, some of which plaintiffs failed to correct in filing their amended pleadings.  Ultimately, plaintiffs were unable to state any viable claim for relief; however, that fact does not dictate a finding that their effort to do so unreasonably multiplied the proceedings.  Under the Federal Rules of Civil Procedure, leave to amend must be "freely given."  Fed. R. Civ. P. 15(a).  In this case, plaintiffs had three opportunities to state a cognizable claim; they amended their complaint once as of right, and the court permitted two opportunities to amend in response to defendants' motions to dismiss.  Such conduct, performed by counsel under direct authority of either the Federal Rules or this court's orders, simply cannot be found to be an unreasonable multiplication of

this litigation.

Moreover, even if the court found that the proceedings were unnecessarily multiplied by counsel, defendants have not demonstrated that counsel acted unreasonably or vexatiously in filing the amended complaints. This case was originally filed on behalf of nine individuals who asserted some eight claims for relief against three defendants. The facts of this primarily employment discrimination and retaliation case were involved; the alleged unlawful conduct spanned several years and pertained to employees at various levels of the District who suffered distinct harms. The claims for relief, alleged by plaintiffs in their complaints, were not legally frivolous. Indeed, this court's 31-page final order dismissing the case evidences that fact. While it is true that the court held, in the end, that plaintiffs had not stated any cognizable claim, that finding is not, as urged by defendants, tantamount to a finding of frivolousness. In its order, the court discussed at length the deficiencies of plaintiffs' third amended complaint; the court held that with respect to all claims, plaintiffs had not alleged sufficient facts to state a claim to relief that "is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Nothing in the court's order, however, can be construed as a finding that plaintiffs' complaint was baseless. The claims for relief pled by counsel *could* have reasonably arisen from the general facts plead in the complaint. However, counsel was unable to marshal those facts in to a legally viable claim for relief under the applicable laws. That required dismissal of the case, but it does not warrant an award of fees and costs as a

7

sanction against counsel.

Moreover, the court cannot find counsel's conduct in filing a motion for reconsideration, of the court's final order dismissing the case, unreasonable. Such motions are expressly permitted by the Federal Rules, and counsel set forth two clear bases for the motion, one alleging clear error by the court and one setting forth alleged "new" law applicable to the case. While the court did not agree with plaintiffs' position and denied the motion, counsel made good faith arguments under the law and recent case law to support her clients' position, and thus, the court cannot find that she acted unreasonably or vexatiously in pressing this motion.

Finally, the court is cognizant of the fact that defendants incurred substantial costs in moving to dismiss this action. However, unfortunately, such costs are a normal part of litigation. See Camacho v. Bridgeport Financial, 523 F.3d 973 (9th Cir. 2008) (recognizing that under the well-established "American Rule," absent statutory authority or a contractual agreement between the parties, each party to litigation must bear its own attorneys' fees and may not recover those fees from an adversary). Only in limited circumstances does the law permit recovery of attorneys' fees and costs by a prevailing party. Id. Here, defendants have not moved for recovery of fees and costs as a prevailing party under any statute. Instead, they have sought such an award as a sanction against plaintiff's counsel. However, awards of fees and costs as sanctions are limited to those rare cases where the court finds that counsel or a party has multiplied the proceedings unreasonably and vexatiously in an

8

effort to harass or oppress an opponent.  Here, the filing of the two amended pleadings was expressly permitted by the court, and although counsel was inept at pleading viable claims on her clients' behalf, the court cannot find that she knowingly pressed legally baseless claims.

## CONCLUSION

Therefore, for all of the above reasons, the court DENIES defendants' motion for sanctions under Section 1927 and/or this court's inherent authority.  The court finds no grounds to award defendants attorneys' fees and costs based on plaintiffs' counsel's conduct in this case.

IT IS SO ORDERED.

DATED: September 29, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE