1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KAREN GROSZ, et al.,

11         Plaintiffs,                          NO. CIV S-07-0697 KJM-CMK

12         v.

13   LASSEN COMMUNITY COLLEGE,                  ORDER DENYING LEAVE TO
     DISTRICT, et al.,                          FILE FOURTH AMENDED
14                                              COMPLAINT
           Defendants.
15
   _____/
16

17          Plaintiffs' motion to amend the scheduling order to allow filing of a fourth

18   amended complaint is pending before the court.  (ECF 86.)  The court heard the motion

19   telephonically on February 9, 2011 at 10 a.m.  Treva Hearne appeared as counsel for Plaintiffs,

20   Aaron Moore appeared as counsel for Defendant Cissel and Jennifer Hippo appeared as counsel

21   for Defendant Lassen Community College District.  Having considered the parties' arguments,

22   and finding the interests of justice do not support granting Plaintiffs leave to file a fourth

23   amended complaint, Plaintiffs' motion is DENIED.[1]

24   /////

25   _____

26         [1] The court, however, has issued a separate order amending the scheduling order.

                                    1

I.      PROCEDURAL HISTORY

Plaintiffs filed their complaint against Defendants on April 11, 2007, alleging seven claims for relief based on: (1) 42 U.S.C. § 1983; (2) violation of rights guaranteed by the First Amendment to the U.S. Constitution; (3) intentional infliction of emotional distress; (4) Brown Act violations; (5) violation of rights guaranteed by the California Constitution; (6) hostile work environment; and (7) retaliation.  (ECF 1.)  In the nearly four years since the present case was originally filed, Plaintiffs have amended the complaint three times (ECF 6, 22, 35) -- twice by order of the court for failure to comply with Federal Rule of Civil Procedure 8(a).  (ECF 21, 34.)  On May 20, 2008, the court granted Defendants' motion to dismiss Plaintiffs' third amended complaint with prejudice and without leave to amend.  (ECF 45.)

Plaintiffs appealed the dismissal to the Court of Appeals for the Ninth Circuit, which affirmed in part, reversed in part, and remanded.  (ECF 66.)  Specifically, the Ninth Circuit found that the following claims were well-pled:  "(1) the § 1983 claims alleged by Grosz, Chavez and Bishop against Cissell for violation of their First Amendment rights; (2) certain Title VII gender discrimination claims alleged by Grosz and Leao against the District Defendants; (3) certain § 1983 equal protection claims alleged by Grosz and Leao against Cissell; (4) the Title VII retaliation claims filed by all plaintiffs against the District Defendants; and (5) § 1983 retaliation claims alleged by all plaintiffs against Cissell."  (ECF 66 at 2-3.)

The case consequently was reopened on January 21, 2010.  (ECF 67.)  Although the case originally involved eight plaintiffs, two plaintiffs now remain, Karen Grosz and Bernadette Chavez.  (Defs.' Opp'n at 3; ECF 93.)  Plaintiffs filed the motion at issue on January 25, 2011.  (ECF 86.)  Defendant Homer Cissell filed his opposition to Plaintiffs' motion on February 4, 2011.  (ECF 93.)  Plaintiffs filed their reply on February 22, 2011.  (ECF 98.)

/////

/////

/////

2

1    II.       DISCUSSION

2         A.       Standard

3              Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give

4    leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule

5    15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149,

6    1160 (9th Cir. 1989).  "In exercising its discretion [regarding granting or denying leave to

7    amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on

8    the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833

9    F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.

10   1981)).  However, "the liberality in granting leave to amend is subject to several limitations.

11   Leave need not be granted where the amendment of the complaint would cause the opposing

12   party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue

13   delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted).  In addition, a court

14   should look to whether the plaintiff has previously amended, as "the district court's discretion is

15   especially broad 'where the court has already given a plaintiff one or more opportunities to

16   amend [its] complaint.'" *Id*. at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

17        B.       Application

18             Although Rule 15 favors a liberal policy towards amendments, the court finds that

19   under the present circumstances justice requires that the court deny Plaintiffs' motion.  *See* FED

20   R. CIV. P. 15(b).

21             Plaintiffs seek leave to file a fourth amended complaint in order to "[clarify] the

22   allegations," "correct and clarify pertinent facts," (Pls.' Mot. at 2) and expedite the discovery

23   process.  (Pls.' Reply at 1.)  However, the proposed fourth amended complaint does no such

24   thing; rather, while some language has been changed and some has been added, allegations

25   involving dismissed plaintiffs remain, as do claims for relief that have been dismissed.  As

26   previously discussed, the Ninth Circuit affirmed the district court's dismissal of Plaintiffs' third

3

amended complaint in part, including the district court's dismissal of Plaintiffs' claim for "Intentional Infliction of Emotional Distress."  Although the Ninth Circuit found that this claim did not survive the *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) pleading standard, Plaintiffs persist in including this claim for relief in identical language in their fourth amended complaint.  (*See* Third Am. Compl. at 23-24 & Fourth Am. Compl. at 27-28.)  The same is true of Plaintiffs' second claim, for "Substantive Due Process," the dismissal of which was upheld by the Ninth Circuit.  (*See* ECF 66 at 2.)  Furthermore, the proposed fourth amended complaint includes allegations and claims raised on behalf of individuals who are no longer parties to this action: the facts section lists the allegations of Vicki Ramsey, Toni Poulsen, Mary Bishop and Sandra Beckwith, none of whom is a party to this case.  (Fourth Am. Compl. ¶¶ 71-111.)  In addition, the first claim is brought on behalf of "Plaintiffs;" however, the Ninth Circuit held that this claim could be raised only by Grosz, not by Chavez.  (Fourth Am. Compl. ¶¶ 112-16; ECF 66 at 6.)  Similarly, the third claim includes the allegations of Bishop, who is no longer part of this action; includes allegations regarding statements made by Chavez, Bishop and Beckwith about discrimination, although the Ninth Circuit only reversed the district court with regard to Chavez's and Grosz's claims that they were retaliated against due to their grand jury testimony; and maintains the claim against the District Defendant, although the Ninth Circuit explicitly held that this Defendant is immune to § 1983 claims.  (Fourth Am. Compl. ¶¶ 131-33; ECF 66 at 3-6.)

Although "the crucial factor [in determining the propriety of a motion for leave to amend] is the resulting prejudice to the opposing party," other factors such as "undue delay, bad faith, [and] futility of amendment" also are relevant.  *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).  This case was filed originally almost four years ago, the complaint has already been amended three times, and the proposed amended complaint does not significantly alter the third amended complaint except to remove three claims for relief, which claims are no longer "alive" in this action.  Moreover, Plaintiffs have shown, and continue to show, a "repeated failure to cure deficiencies by amendments previously allowed."  *Foman v. Davis*, 371

1   U.S. 178, 182 (1962).  There is no compelling reason in the interests of justice to grant leave to

2   Plaintiffs to amend the complaint a fourth time.

3   III.      CONCLUSION

4          For the foregoing reasons, Plaintiffs' motion to the extent it seeks permission to

5   file a fourth amended complaint is DENIED.

6   DATED:  February 28, 2011.

7

8                                              _____

9                                              UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26